**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 15 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GLENDA MARINELIS PORTILLO-
LOPEZ; et al.,

                    Petitioners,

        v.

MERRICK B. GARLAND, Attorney
General,

                    Respondent.

No.   16-70673

Agency Nos.   A202-032-816
              A202-032-817

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2022**

Before:     SCHROEDER, R. NELSON, and VANDYKE, Circuit Judges.

        Glenda Marinelis Portillo-Lopez and her minor son, natives and citizens of

El Salvador, petition pro se for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from an immigration judge's decision

denying their applications for asylum, withholding of removal, and relief under the

---

        *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's determination that petitioners failed to establish they suffered harm that rises to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (persecution is "an extreme concept that does not include every sort of treatment our society regards as offensive" (internal quotation marks and citations omitted)); *see also Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028-29 (9th Cir. 2019) (record did not compel the conclusion that threats rose to the level of persecution). Substantial evidence also supports the agency's determination that petitioners failed to establish an objectively reasonable fear of future persecution in El Salvador. *See Nagoulko*, 333 F.3d at 1018 (possibility of future persecution "too speculative"). Thus, petitioners' asylum claim fails.

In this case, because petitioners failed to establish eligibility for asylum, they failed to establish eligibility for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

We do not reach petitioners' contentions regarding the cognizability of their proposed particular social group because the agency did not deny relief on that

ground.  *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (review limited to the grounds relied on by the BIA).

Substantial evidence supports the agency's denial of CAT relief because petitioners failed to show it is more likely than not they will be tortured by or with the consent or acquiescence of the government if returned to El Salvador.  *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**